UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **DENA SIMS,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**WEST VALLEY ELEMENTARY SCHOOL, GRANITE SCHOOL DISTRICT and JEFF WALTON,**<br><br>　　　　　　**Defendants**. | **ORDER DENYING MOTION TO APPOINT COUNSEL AND ORDERING SERVICE**<br><br>Case No. 2:23-cv-00731<br><br>District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

　　　　Before the court is Plaintiff Dena Sims' Motion to Appoint Counsel. (ECF No. 7, Motion to Appoint Counsel.) Having now screened the case under 28 U.S.C. § 1915, the court DENIES Plaintiff's Motion to Appoint and ORDERS service of the Complaint.

　　　　As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), and the issue of appointment "is left to the sound discretion of the district court." *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994). When deciding whether to appoint counsel, the court studies a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal citation omitted). It is the applicant's burden to convince the court that his claim has sufficient merit to justify the appointment of counsel. *See McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

1

Plaintiff does not provide any argument in support of her Motion and simply requests that an attorney be appointed to represent her. As discussed, however, there is no right to appointment of counsel in a civil case. Further, under the relevant factors, Plaintiff's Motion is insufficient to support appointment of counsel as it is currently unclear if Plaintiff asserts a colorable claim and the nature of the factual issues or legal complexity of the case is unknown. Additionally, as evidenced by her pleading, at this juncture Plaintiff appears capable of pursuing her case *pro* se.

Accordingly, the court DENIES Plaintiff's Motion for Appointment of Counsel WITHOUT PREJUDICE

Next, having screened the complaint pursuant to 28 U.S.C. § 1915, the court ORDERS service of process as follows:

1. Pursuant to 28 U.S.C. § 1915(d), the court will "issue and serve all process."

2. If Plaintiff intends to have the court effectuate service, Plaintiff must complete and return to the Clerk's Office a summons and Service of Process form for each defendant, see DUCivR 3-2(c)(2)(A)(i), available on the court's website: https://www.utd.uscourts.gov/usdc-forms by **November 22, 2023.**

3. If Plaintiff elects to pursue service without court assistance, Plaintiff must properly serve the defendant or move for an extension within ninety days form the date the complaint was filed, as required by Fed. R. Civ. P. 4(m).

DATED this 8th day of November, 2023.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge