IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENA SIMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEST VALLEY ELEMENTARY SCHOOL, et al.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00731-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

# INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) The case is now before the court on Defendants' Motion to Dismiss. (ECF No. 23.) For the reasons set forth below, this court **RECOMMENDS** the district court **GRANT** Defendants' Motion.

# DISCUSSION

## I.　Summary of allegations

Plaintiff Dena Sims alleges she was employed as a special-education teacher at the West Valley Elementary School in Granite School District during 2022 and 2023. (ECF No. 5–6.) She claims she was discriminated against on the basis of her religion.[1] Specifically, Plaintiff alleges that she "was the only teacher denied [her] own classroom" despite the availability of a classroom during her employment. (*Id.* at 5.) She also alleges her supervisor referred to her as a

---

[1] While the Complaint appears to suggest a claim of race discrimination, Plaintiff has clarified she "made an error by checking the box on the complaint that said race discrimination . . . ." (ECF No. 26 at 3.)

"Jew and overheard staff talking with him about the fact th[at Plaintiff] was not a member of the LDS church, and therefore, should not be allowed to teach at the school." (*Id.*)

Plaintiff also claims her employer retaliated against her. Specifically, Plaintiff alleges her supervisor retaliated against her by giving Plaintiff an unfairly negative performance review after Plaintiff had reported to law enforcement suspicions that another teacher might have sexually abused a student. (*Id.* at 5–6.)

Finally, Plaintiff alleges she was terminated via letter received February 15, 2023, following an illness that caused her to be absent from work from November 14 until December 24, 2022,[2] and again in February 2023. (*Id.* at 6.) She alleges her supervisor "claimed [she] was out on unexcused leave, even though [she] was entitled to FMLA." (*Id.*)

II. **Legal standards**

To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court interprets a pro se plaintiff's complaint liberally. *Id.* Nonetheless, a court must not act as an advocate for a pro se litigant. *Id.*

---

[2] While the Complaint alleges in one instance that Plaintiff first became ill on November 14, 2023, this appear to be a typographical error because the remaining references in the same paragraph refer to November 2022 and Plaintiff alleges she was terminated in February 2023.

### III. Analysis

Plaintiff's Complaint should be dismissed in its entirety because, as presently drafted, it does not set forth any viable federal claim, as the court will discuss in detail below. Nonetheless, Plaintiff should be afforded an opportunity to amend her Complaint if she believes she can supply additional relevant factual information to support her claims.

> **a. Plaintiff does not adequately allege religious discrimination under Title VII because she does not allege circumstances giving rise to an inference of discrimination**

First, Plaintiff has not alleged a viable claim of religious discrimination under Title VII. Proper pleading of a Title VII religious-discrimination claim requires plaintiff to allege facts that show: "membership in a protected class, an adverse employment action, and the existence of circumstances giving rise to an inference of discrimination." *Ibrahim v. All. for Sustainable Energy, LLC*, 994 F.3d 1193, 1200 (10th Cir. 2021). Defendants do not contest Plaintiff falls within a protected class because she is Jewish. (*See* ECF No. 23 at 9.) Defendants argue Plaintiff does not adequately allege adverse employment action or that any adverse employment action occurred under circumstances giving rise to an inference of discrimination. The court will address both of these contentions in the numbered subsections below.

> 1. *Adverse employment action*

As Defendants suggest, Plaintiff's allegations that she did not enjoy the use of her own individual classroom does not constitute adverse employment action. The Tenth Circuit liberally defines the phrase 'adverse employment action.'" *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998). Adverse employment actions are not limited to monetary losses. *Id.* Rather, the court must take a case-by-case approach to examine the relevant unique factors of a

given case. *Id.* Nonetheless, "a mere inconvenience or an alteration of job responsibilities" does not constitute adverse employment action. *Id.* The parties do not point to any Tenth Circuit authority addressing whether classroom sharing constitutes adverse employment action. The court's own research did not reveal any identical case at the circuit level, but in *Unal v. Los Alamos Pub. Sch.*, the Tenth Circuit held that reassignment from a classroom in the main school building to a portable classroom outside the building did not constitute adverse employment action. 638 F. App'x 729, 743–44 (10th Cir. 2016).[3] The Tenth Circuit noted the relevant inquiry is whether "relocation itself or other adverse conduct done in concert with the relocation negatively altered the employees' work conditions or interfered with their ability to complete employment duties." *Id.* at 744. In other words, Plaintiff must allege facts that show the lack of her own classroom "undermine[d] her ability to perform her work duties." *Id.* Here, Plaintiff does not suggest the lack of her own individual classroom inhibited her ability to perform her work duties. The Tenth Circuit has made clear that "inconvenience" does not rise to the level of an adverse employment action. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998). Accordingly, the court finds the alleged refusal to provide Plaintiff with her own separate

---

[3] While *Unal* examined adverse action related to a retaliation claim and the court is currently concerned with Plaintiff's discrimination claim, the Tenth Circuit has evaluated those prongs interchangeably. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998) (holding that absence of adverse employment action for discrimination claim "equally applicable . . . to defeat her retaliation claim as well"). If anything, adverse action in the retaliation context is broader than in the discrimination context. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006) (holding "the antiretaliation provision, unlike the substantive [discrimination] provision, is not limited to discriminatory actions that affect the terms and conditions of employment").

classroom does not constitute adverse employment action sufficient to support her discrimination claim.[4]

On the other hand, Plaintiff alleges she was "involuntarily resigned," which does constitute adverse employment action. "Actions such as suspensions or terminations are by their nature adverse." *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998). Here, Plaintiff's Complaint alleges she was terminated, specifically that she received a letter indicating she had been "involuntarily resigned" following her illness in late 2022 and early 2023. (ECF No. 6 at 6.) Defendants do not explain why this involuntary separation does not constitute adverse employment action. To the extent the term "involuntarily resigned" is ambiguous, Plaintiff also alleges a state administrative agency found she was "wrongfully terminated." Accordingly, the court finds Plaintiff has adequately alleged adverse employment action.[5] The court will now examine whether Plaintiff has alleged facts sufficient to show any adverse employment action was taken under circumstances that give rise to an inference of discrimination.

---

[4] Similarly, as Defendants point out, Plaintiff's "claim that [s]he was required to share a classroom ignores the fact that the inconvenience resulting from that situation was also imposed upon" the other teacher in the classroom, who Plaintiff does not allege shares her religious affiliation. *See Bailey v. Albuquerque Pub. Sch. Sys.*, No. CV 02-1626, 2004 WL 7337811, at *2 (D.N.M. June 25, 2004) (finding no adverse action where a teacher was deprived of classroom previously used by another teacher conducting similar program the prior year).

[5] Given this obvious instance of adverse employment action, the court need not determine whether other actions, such as the letter of reprimand or the negative performance evaluation, also constitute adverse employment actions.

2.  *Circumstances giving rise to inference of discrimination*

Next, as Defendant points out, Plaintiff does not allege facts sufficient to show any adverse employment action occurred under circumstances giving rise to an inference of discrimination. "Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions." *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994); *see Sidlo v. Millercoors, LLC*, 718 F. App'x 718, 727 (10th Cir. 2018) (finding single comment by a supervisor insufficient to establish prima facie case of discriminatory treatment).

Here, Plaintiff alleges only a single comment by her supervisor in which he "referred to [Plaintiff] as a Jew."[6] (ECF No. 6 at 5.) Yet she does not connect this comment to any alleged adverse employment action. Moreover, Plaintiff appears to assert that any alleged adverse employment action, whether termination, disciplinary letter, or negative evaluation, all occurred because she reported to law enforcement her suspicions that another teacher might have sexually abused a student. (*See id.* at 5–6.) She does not allege facts that connect any allegedly adverse employment actions to religious animus. Accordingly, Plaintiff has not adequately alleged that any adverse employment action was taken against her under circumstances giving rise to an

---

[6] Similarly, Plaintiff alleges other "staff" spoke with her supervisor about her not being a "member of the LDS church, and therefore, should not be allowed to teach at the school." (ECF No. 6 at 5.) These comments are unhelpful on the question of discriminatory motive because the allegations lack relevant detail, such as who made the statements, when they were made, and any response from any decisionmakers at the school.

inference of discrimination. Thus, she fails to state a claim for discrimination and that claim should be dismissed.[7]

### b. Plaintiff does not adequately allege a claim for retaliation under Title VII because she does not allege she engaged in protected opposition to discrimination

To properly allege a Title VII retaliation claim, Plaintiff must allege facts sufficient to show: "(1) [she] engaged in protected opposition to discrimination; (2) [she] suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004); *see* 42 U.S.C. § 2000e-3(a). To meet the first prong, "no magic words are required" but a plaintiff must allege facts that "convey to the employer his or her concern that the employer has engaged in" unlawful discrimination.[8] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Here, Plaintiff has not alleged any facts that indicate she engaged in protected opposition to discrimination. Instead, as mentioned above, Plaintiff alleges she made a report to law enforcement about her suspicions that another teacher might have sexually abused a student. (*See id.* at 5–6 (alleging, in part, that her supervisor "made it very obvious that he was retaliat[]ing against me for reporting child abuse").) Nowhere in the Complaint does Plaintiff allege any activity that could be construed as opposition to unlawful discrimination.

---

[7] Defendants take care in analyzing whether Plaintiff has set forth a claim for harassment under Title VII. (*See* ECF No. 23 At 11–12.) Defendants' thoroughness is appreciated. Nonetheless, the court does not analyze this issue separately because the Complaint does not appear to attempt to assert such a claim and Plaintiff's responses to Defendants' Motion do not indicate she intended to allege any Title VII harassment claim. (*See* ECF Nos. 24 & 26.)

[8] While *Hinds* involved claims under the Age Discrimination in Employment Act, the standards for retaliation are identical under Title VII. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1122 (10th Cir. 2007).

Accordingly, Plaintiff's retaliation claim should be dismissed because she has not made the necessary factual allegations to support that claim.

        **c. Plaintiff has not adequately alleged a claim under the Family and Medical Leave Act because she does not allege facts that show she is entitled to leave under that Act**

Next, some of Plaintiff's allegations could be interpreted as an attempt to state a claim under the Family and Medical Leave Act ("FMLA"). In part, she alleges her supervisor claimed she "was out on unexcused leave, even though [Plaintiff] was entitled to FMLA." (ECF No. 6 at 6.) Defendants do not address the FMLA allegations in their Motion. Plaintiff's allegations could conceivably be an attempt to allege FMLA interference, which requires her to allege facts showing: "(1) that she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (alterations omitted). Even assuming Plaintiff intended to allege an FMLA claim, the allegations fall short at the first step. Given Plaintiff alleges entitlement to FMLA leave based on illness, she presumably suggests she is entitled to FMLA leave because she suffered "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Yet she does not allege sufficient facts to show she meets the statutory requirements. FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves . . . (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C.A. § 2611(11); *see also Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1323 (10th Cir. 2005)

(affirming trial court's grant of summary judgment of FMLA interference claim where plaintiff did not establish his absence was caused by a "serious health condition" because he received treatment from a physician for his condition only one time during the period of his incapacity). Plaintiff has not alleged she received any inpatient care nor received "continuing treatment by a health care provider."[9]  Accordingly, to the extent Plaintiff attempts to allege an FMLA claim, she does not allege the necessary factual allegations to meet the foundational requirements to show she was entitled to FMLA leave.

### d. The district court should not exercise jurisdiction over any state claims at this time because Plaintiff has not adequately alleged any federal claim

Given Plaintiff's failure to properly assert any federal claim, the district court should decline jurisdiction over any claims asserted under state law.  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151 (10th Cir.1998)).  Here, it is not certain Plaintiff intends to assert any state-law claims, though she does use the phrase "li[bel] and slander."  Even assuming Plaintiff intends to assert a state claim, the district court should decline jurisdiction, consistent with Tenth Circuit authority on supplemental jurisdiction.

---

[9] The phrase "continuing treatment by a health care provider" is further defined by regulation. *See* 29 C.F.R. § 825.115; *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

Based on the foregoing, the court **RECOMMENDS** the district court **DISMISS** Plaintiffs' Complaint without prejudice for failure to state a claim on which relief may be granted. Plaintiff should be allowed an opportunity to amend her complaint within twenty days of its dismissal.[10]

### RECOMMENDATION

For the reasons discussed above, this court **RECOMMENDS** the district court:

**GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiff's Complaint without prejudice.  (ECF No. 23.)

If the district court adopts this court's Report and Recommendation, Plaintiff may file an amended complaint no later than **twenty (20) days** after being served with a copy of the district court's decision adopting this Report and Recommendation. Failure to file an amended complaint will result in dismissal of this case.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 10th day of April 2024.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] Given the recommendation to dismiss the complaint in its entirety and afford leave to amend, it is not necessary at this time to separately analyze Defendants' argument that Mr. Walton should be dismissed in his official and individual capacity.  (*See* ECF No. 23 at 3–5.)