IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| DENA SIMS, | REPORT & RECOMMENDATION |
|---|---|
| Plaintiff, | |
| vs. | Case No.  2:23-cv-00731 |
| WEST VALLEY ELEMENTARY SCHOOL, | District Court Judge Dale A. Kimball |
| Defendant. | Magistrate Judge Dustin B. Pead |

## INTRODUCTION

Plaintiff Dena Sims, proceeding *in forma pauperis* and without counsel, filed this action against Defendants West Valley Elementary School, Granite School District and Jeff Walton. (ECF No. 5, Order Granting Motion for Leave to Proceed *In Forma Pauperis*; ECF No. 6, Complaint.) The matter was referred to the Magistrate under 28 U.S.C. § 636(b)(1)(B) and is now before this court on Plaintiff's "Response To Reply Memorandum In Support of Defendants Support of Motion to Dismiss." (ECF No. 9, Notice of Non-consent and Referral; ECF No. 29, Plaintiff's Response.)

For the reasons set forth below, this court RECOMMENDS the district court DISMISS Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

On April 10, 2024, this court issued a Report and Recommendation recommending that the District Court grant Defendants' Motion to Dismiss for failure to state a claim. (ECF No. 27, Report and Recommendation.) The District Court adopted the Magistrate's Recommendation on May 1, 2024. (ECF No. 28, Order Affirming and Adopting Report and Recommendation.) In its Ruling, the District Court granted Defendants' Motion to Dismiss but allowed Plaintiff an additional twenty days within which "to file an Amended Complaint addressing the deficiencies identified in the Report and Recommendation." (*Id.* at 2.) On May 20, 2024, Plaintiff filed a document entitled "Response to Reply Memorandum In Support of Defendants Support of Motion to Dismiss." (ECF No. 29, Plaintiff's Response)

Upon review, Plaintiff's "Response" does not meet the general pleading requirements of Rule 8. *See* Fed. R. Civ. P. 8. Instead, Plaintiff's filing attempts to "further address the arguments that defense counsel has presented in their Motion to Dismiss." (ECF No. 29 at 2.) Nonetheless, even if the court were to liberally construe Plaintiff's Response as an Amended Complaint, the filing fails to address the deficiencies of the initial complaint and should therefore be dismissed for failure to state a claim.

Reviewing Plaintiff's "pleading" under the authority of 28 U.S.C. § 1915,[1] and for the reasons set forth in detail in this court's April 10, 2024 Report and Recommendation, the court

---

[1] Whenever a court authorizes a party to proceed *in forma pauperis*, the court reviews the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214,

concludes that Plaintiff's amended filing does not cure the deficiencies identified in the Report and Recommendation and does not adequately allege a claim for religious discrimination or retaliation under Title VII or violation of the Family and Medical Leave Act and the court lacks jurisdiction over any state law claims.

## RECOMMENDATION

Because Plaintiff failed to file an Amended Complaint and her "Response" fails to address the deficiencies of the original pleading, the court RECOMMENDS that the action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

DATED this 26th day of June 2024.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

1217 (10th Cir. 2007).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[1] *Wilson v. Montana,* 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept a plaintiff's conclusory allegations as true. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, "a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collings,* 656 F.3d 1210, 1213 (10th Cir. 2011).